STATE OF OREGON,
*Respondent,*
*v.*
RANDY DEAN OLSON,
*Appellant.*

(No. 79-02-30478, CA 15674)

611 P2d 695

Alan Viewig, Portland, argued the cause and filed the brief for appellant.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Joseph, Warden and Warren, Judges.*

JOSEPH, J.

*Warren, J., not participating.

## JOSEPH, P.J.

Defendant assigns as error an order denying his motion to suppress evidence of amphetamine pills obtained in a patdown search. We affirm.

In February, 1979, pursuant to a search warrant in which defendant was not named,[1] about 30 police officers entered the Gypsy Joker Motorcycle Clubhouse and immediately handcuffed the nearly 30 individuals present. Fifteen minutes later, defendant, seated on a couch with his hands handcuffed behind him, was asked to stand and was then subjected to a patdown search for weapons. In the course of the patdown, the officer felt something like a druggist's prescription vial, which rattled, in defendant's right jacket pocket. He removed the object, which proved to be a gray plastic film canister, opened it and found amphetamine tablets inside.

At the suppression hearing the defendant's attorney conceded that the frisk was lawful but argued that the scope of the frisk was excessive. The state maintains that the search can be justified as incident to arrest for violation of ORS 167.222(1), frequenting a place where controlled substances are used. The search was valid for a different reason. The officer testified that in his experience he found prescription vials and film canisters often used to contain narcotics or dangerous drugs. In *State v. Holmes,* 17 Or App 464, 470, 522 P2d 900 (1974), we held that in a search incident to arrest for drug activity, a film canister was a reasonable place to find narcotics, since "[e]vidence of this particular crime is readily concealable within such small containers." In *State v. Diaz,* 29 Or App 523, 535, 564 P2d 1066 (1977), we upheld the seizure and search of a film canister under circumstances which, while quantitatively more supportive of "a

---

[1] Two individuals were named for search in the warrant, the purpose of which was to find "Methamphetamine 'crank' narcotics paraphernalia, items of identification drug records and records of names of persons involved in drug activity."

well-warranted suspicion that drugs were in the canister," were qualitatively not significantly greater than in this case.

Here the warrant authorized search of premises of a "shooting gallery" nature, where "shooting up" by patrons and the presence of large amounts of drugs including methamphetamines had been reported, and a large amount of foot traffic directly observed. Given the conceded validity of the frisk, the officer had probable cause to remove and search the object which, because of its size, shape and sound, and the officer's experience, gave rise to a "well-warranted suspicion justifying a reasonable belief that a certain set of facts exist[ed]," *i.e.,* that the object was a vial containing contraband. *State v. Wesson,* 40 Or App 99, 103, 594 P2d 429 (1979).

Affirmed.